### J. E. EATON v. THE STATE.

No. 5407.　Decided June 11, 1919.

Rehearing granted October 8, 1919.

Misdemeanor—Recognizance—Practice on Appeal—Jurisdiction.

Where the appeal was dismissed for the want of sufficient recognizance but this matter was afterwards cured, the same will be reinstated, but it appearing from the record that the Criminal District Court of Bowie County was without jurisdiction of the subject-matter, the prosecution is dismissed. Following Eaton v. State, recently decided.

Appeal from the Criminal District Court of Bowie. Tried below before the Hon. P. A. Turner, judge.

Appeal from a convicton of a violation of the Pure Food Law; penalty, a fine of two hundred dollars.

The opinion states the case.

*Todd, Graham & Williams,* for appellant.—Cited Davis v. State, 23 S. W. Rep., 892.

*E. A. Berry,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—This is a misdemeanor conviction. The recognizance fails to recite the amount of punishment assessed and is, therefore, fatally defective.

The appeal will be dismissed.

*Dismissed.*

ON REHEARING.

October 8, 1919.

DAVIDSON, PRESIDING JUDGE.—At a previous term of the court the appeal herein was dismissed for want of necessary matters in the record showing that the jurisdiction of this court had attached. These defects have been supplied and the case will be disposed of on its merits.

There is but one question necessary to be noticed, to-wit: want of jurisdiction of the Criminal District Court of Bowie county to entertain jurisdiction of and try the case, which is a misdemeanor and not one of those classes of cases of which the County Court had exclusive original jurisdiction. By the act of the Fourth Called Session of the Thirty-fifth Legislature the Criminal District Court of Bowie county was created and given original jurisdiction of misdemeanors in which the County Court had original exclusive jurisdiction to try. This being a case in which the County Court did not have this exclusive original jurisdiction, did not authorize the Criminal District Court to try it. It is not an appeal from the Justice Court to that court, therefore, the Criminal District Court did not have jurisdiction. This matter is discussed by Judge Lattimore in the companion case of Eaton v. State, No. 5408 this day decided. For the reasons there given the judgment herein will be reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*